**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lee Donahue, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 336 |
| Mercantile Adjustment Bureau, LLC, a New York limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lee Donahue, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Lee Donahue ("Donahue"), is a citizen of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Washington Mutual, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois

4. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Mercantile operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Mercantile is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant Mercantile is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

7. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, which act as debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt which it had its agent, Defendant Mercantile, attempt to collect from Ms. Donahue.

8. Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other collection firms, like Defendant Mercantile.

9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, attached as Exhibit C.

10. Defendant LVNV is licensed to act as collection agencies in Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit D.

**FACTUAL ALLEGATIONS**

11. Ms. Donahue is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt owed originally for a Washington Mutual credit card. At some point in time, after that debt became delinquent it was sold to Defendant LVNV, which then hired Defendant Mercantile to collect it. When Defendants began trying to collect the Washington Mutual debt from Ms. Donahue, by sending her an initial form collection letter, dated November 11, 2009, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit E.

12. Thereafter, in late November or early December, 2009, Ms. Donahue informed Defendants in a telephone call that she was represented by counsel and gave Defendants her attorneys' contact information.

13. On December 17, 2009, one of Ms. Donahue's attorneys at LASPD wrote a letter to Defendants to confirm that Ms. Donahue was represented by counsel, and to direct Defendants to cease contacting her and to cease all further collection activities because Ms. Donahue was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Despite being advised that Ms. Donahue was represented by an attorney, the Defendants continued to directly call Ms. Donahue twice a day, on a daily basis.

15. Accordingly, on January 15, 2010, Ms. Donahue's LASPD attorney had to send Defendants another letter to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16. Nonetheless, Defendants continued to call Ms. Donahue in an attempt to collect the debt, including two telephone calls on January 17, 2010 and one on January 18, 2010.

17. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

21. Here, the letters from Plaintiff's agent, LASPD, told Defendants to cease communications and collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

4

22. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

25. Defendants knew that Plaintiff was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Donahue. By continuing to directly call Ms. Donahue, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lee Donahue, prays that this Court:

1. Find that Defendants', Mercantile's and LVNV's, debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lee Donahue, demand trial by jury.

Lee Donahue,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 19, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6